**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MISTI-JO SHAWVER,

               Plaintiff-Appellant,

v.

KILOLO KIJAKAZI,

               Defendant-Appellee.

No.   22-35879

D.C. No.
4:22-cv-05005-TOR

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted October 6, 2023**
Seattle, Washington

Before: WARDLAW and M. SMITH, Circuit Judges, and MATSUMOTO,***
District Judge.

    Misti-Jo Shawver ("Shawver") appeals the District Court's order affirming

an administrative law judge's ("ALJ") denial of her application for supplemental

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    *** The Honorable Kiyo A. Matsumoto, United States District Judge for
the Eastern District of New York, sitting by designation.

security income. "We review a district court's order affirming the Commissioner's denial of benefits de novo." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "We may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (internal quotation marks omitted).

We assume the parties' familiarity with the facts and do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the decision of the District Court.

1. The ALJ applied the correct legal standard in evaluating, and ultimately discounting, the medical opinions and reports provided by Richard Meadows, M.D.; Tae-Im Moon, PhD; Erin Darlington, PhD; Jennifer Fordmeir, ARNP; Daniel Neims, PsyD; Brent Packer, M.D.; David T. Morgan, PhD; and Luci Carstens, PhD. Although "[g]enerally, a treating physician's opinion carries more weight than" an examining or non-examining physician's opinion, *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001), where a treating physician's opinion is contradicted by evidence in the record, the ALJ may reject the opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (internal quotation marks omitted).

Here, after reviewing the medical opinion evidence and Shawver's

diagnostic and laboratory results, the ALJ concluded that treating physician Dr. Meadows's opinions were largely based on Shawver's own reported statements of her symptoms, including the statement that Shawver's anxiety was "so bad that she develops PTSD-like symptoms just from doing employment searches." *See Ghanim*, 763 F.3d at 1162 ("If a treating provider's opinions are based 'to a large extent' on an applicant's self-reports . . . the ALJ may discount the treating provider's opinion."). The ALJ also determined that Dr. Meadows's opinions were contradicted by other evidence in the record.

Moreover, the ALJ found that the above-mentioned non-treating physicians relied in large part on Shawver's self-reported symptoms. The ALJ also found that their opinions conflicted with those of other medical professionals, which the ALJ found more reliable. Therefore, because the ALJ provided specific and legitimate reasons for assigning reduced weight to the opinions of Dr. Meadows and the other medical sources that Shawver cites, the ALJ's findings regarding the medical opinion evidence are supported by substantial evidence.

2. Substantial evidence supports the ALJ's decision to "reject [Shawver's] testimony about the severity of her symptoms" because the ALJ "offer[ed] specific, clear, and convincing reasons for doing so." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (internal quotation marks omitted). The ALJ found that Shawver's subjective symptom testimony was inconsistent with the weight of the

evidence in the record. In particular, the ALJ pointed to Shawver's statements recounting her enjoyment of activities that require mental and physical exertion, such as biking, planting flowers, and socializing with friends and family, which suggest that her impairments do not rise to a level of severity that would render her unable to maintain any employment. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) ("[I]f the claimant engages in numerous daily activities involving skills that could be transferred to the workplace, an adjudicator may discredit the claimant's allegations ....... ")

The ALJ also properly considered Shawver's failure to seek treatment with respect to her anxiety and migraines prior to her application for disability benefits, and her refusal to take prescribed medications and attend counseling. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ is permitted to consider lack of treatment in [her] credibility determination."). Finally, the ALJ discussed the medical opinions of multiple physicians that confirm that Shawver's HIV was under control during the relevant time period, as well as medical opinions that conflict with Shawver's testimony about the severity and impact of her mental impairments.

3. At step three of the five-step sequential analysis under 20 C.F.R. § 404.1520(a)(4), substantial evidence supports the ALJ's finding that Shawver's impairments do not meet or equal the criteria for any listings and thus were not *per*

*se* disabling. The ALJ properly evaluated the record evidence, including as it relates to Shawver's anxiety, depression, memory loss, difficulty concentrating, diarrhea, and migraines/headaches. The ALJ assessed the credibility of the medical opinions cited by Shawver, and ultimately determined, based on substantial evidence in the record, that Shawver's symptoms did not meet or equal the criteria in any of the four relevant listings.

4. Because the ALJ's determination of Shawver's residual functional capacity was supported by substantial evidence and free from legal error, and because the question posed to the vocational expert properly accounted for Shawver's age, education, work experience, and residual functional capacity, the hypothetical posed to the vocational expert properly reflected Shawver's limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (finding that the claimant's argument that "that the ALJ's hypothetical was incomplete . . . simply restates her argument that the ALJ's [residual functional capacity] finding did not account for all her limitations"). Therefore, because the vocational expert's testimony demonstrated that Shawver had the ability to perform work that exists in significant numbers in the national economy, substantial evidence supports the ALJ's step-five determination that Shawver is not disabled within the meaning of the Social Security Act.

**AFFIRMED.**